UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                                    Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|           Kelly Davis           |           N/A           |
|---------------------------------|-------------------------|
| Deputy Clerk                    | Court Reporter          |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 20)**

Before the Court is a Motion to Remand filed by Plaintiff Ricardo Yearwood. (Mot., Doc. 20.)  Defendants opposed, and Plaintiff replied.  (Opp., Doc. 22; Reply, Doc. 25.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for May 8, 2026, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Plaintiff's Motion.

I.    **BACKGROUND**

On September 29 and September 30, 2022, Plaintiff Ricardo Yearwood was employed as a lighting technician for a motion picture production by Defendant Gifted Youth, LLC ("Gifted Youth"), a production company.  (Compl. ¶¶ 7, 15, Doc. 5-1.)  At the time, Plaintiff was a member of the International Alliance of Theatrical Stage Employees ("IATSE") Local 728.  (Colebank Decl. ISO Removal ¶ 5, Doc. 4.)  Gifted Youth, via the Association of Independent Commercial Producers ("AICP"), and IATSE had entered into a 2019 Commercial Production Agreement (the "2019 CPA"), which was in effect during Plaintiff's employment.  (*Id.* ¶ 6; Ex. A to Colebank Decl. ISO Removal, 2019 CPA, Doc. 4-1.)

---

**CIVIL MINUTES – GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                                   Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

Plaintiff alleges that Gifted Youth and its managers Michael Sagol and Kenneth Shaw (together, "Defendants") are liable for various wage and hour violations arising from Plaintiff's employment.  (Compl. ¶¶ 5–6, 9.)  Plaintiff therefore filed this putative class action in Los Angeles County Superior Court on September 24, 2025, bringing seven claims for violations of the California Labor Code: (1) failure to pay all wages; (2) failure to provide compliant pay stubs; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) unpaid overtime; (6) unpaid minimum wages; and (7) failure to reimburse necessary expenses.  (*See id.* at 26–31.)  Plaintiff additionally brings an eighth and ninth claim for unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and breach of implied contract.  (*Id.* at 31–33.)

Defendants were served on November 11, 2025, and removed the action to federal court on December 10, 2025, invoking this Court's federal question jurisdiction.  (NOR, Doc. 1.)  Specifically, Defendants contend that Plaintiff's employment with Gifted Youth was covered by a collective bargaining agreement—the 2019 CPA—so his claims are preempted by the federal Labor Management Relations Act ("LMRA").  (*See id.*)  On April 10, 2026, Plaintiff filed the instant motion to remand.  (Mot.)

## II.   <u>LEGAL STANDARD</u>

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The removal statute is to be strictly construed against removal jurisdiction, and the party seeking removal bears the burden of establishing its propriety.  *See, e.g.*, *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                                         Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

remand." *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (cleaned up).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  However, "there is a corollary to the well-pleaded complaint rule under the complete preemption doctrine, applied primarily under § 301 of the LMRA." *Stearns v. Davis Wire Corp.*, 2016 WL 3008167, at *2 (C.D. Cal. May 23, 2016) (cleaned up).

Even when only state law claims have been pleaded, "complete pre-emption" is a sufficient basis for removal.  *Caterpillar*, 482 U.S. at 393.  And Section 301 of the LMRA is a federal statute that has complete preemptive force.  *Id.* at 393–94; *see also Associated Builders & Contractors, Inc. v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997) (explaining that Section 301 "preempts any state cause of action based on a collective bargaining agreement or whose outcome depends on analysis of the terms of the agreement" and "has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements").  "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a mandate to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (cleaned up).  "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Id.* (cleaned up).  Thus, once preempted under LMRA § 301, any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                               Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

claim purportedly based on state law is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

Courts in the Ninth Circuit use a two-step analysis to determine whether claims are preempted under Section 301. First, the court evaluates the "'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself"—*i.e.*, whether the CBA is "'only source' of the right the plaintiff seeks to vindicate." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc) (cleaned up). The question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Alaska Airlines*, 898 F.3d at 921 (cleaned up). At the same time, claims "style[d] as state law claims" can still be preempted by the LMRA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). "Artful pleading cannot sidestep Section 301 preemption." *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020).

Second, if the court determines that the claim is not grounded in a CBA, it "must still consider whether [the claim] is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059 (cleaned up). A state law right is "substantially dependent" on the terms of a CBA if a court must interpret, as opposed to merely "look to," the collective bargaining agreement to resolve the plaintiff's claim. *Id.* at 1060.

When applying this two-step analysis, the Court may consider documents that are extrinsic to the complaint. *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                              Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

Cal. 2014) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.")).

### III.   ANALYSIS

As a threshold matter, Plaintiff challenges the validity of the 2019 CPA and its applicability to Plaintiff's employment.  The 2019 CPA provides that it is an agreement between IATSE and AICP "and is binding on those commercial production companies that have consented . . . in writing to be bound hereby."  (2019 CPA at 3.)

Plaintiff first argues that "[n]owhere on or within the document is [the 2019 CPA] styled as a Collective Bargaining Agreement."  (Reply at 2.)  This argument is unavailing: the agreement states that the 2019 CPA, together with a separate appendix, "constitutes a single collective bargaining agreement."  (2019 CPA at 25.)  Plaintiff next argues that "[a]ccording to a 2026 'AICP Commercial Agreement Signature List' . . . Gifted Youth is not a Signatory to the CPA."  (Reply at 3.)  But Defendants produce evidence showing that Gifted Youth expressly authorized the AICP to enter into the 2019 CPA on behalf of Gifted Youth.  (*See* Ex. E to Supp. Colebank Decl., Doc. 30-2.)[1] Lastly, Plaintiff argues that the 2019 CPA expired on September 30, 2022, but "Plaintiff's work which is at issue in this case took place during the 'Pay Period' described as '9/25/2022 – 10/1/2022'" and that "the final paycheck was not cut until October 14, 2022[.]"  (Reply at 3.)  This argument is also unavailing: Plaintiff's last day of employment was September 30, 2022, and the 2019 CPA was effective on that date.

---

[1] Because Plaintiff raised this argument for the first time in Reply, the Court will consider Defendants' evidence submitted in Surreply.  Defendants' Motion for Leave to File Surreply Brief (Doc. 30) is GRANTED and the hearing on the Motion is VACATED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                           Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

(2019 CPA at 24.)  Thus, Plaintiff's attempts to avoid the applicability of the 2019 CPA fail.

Having concluded that the 2019 CPA was a valid collective bargaining agreement that governed Plaintiff's employment, the Court next examines whether Plaintiff's overtime and meal period claims arise from or require interpretation of the 2019 CPA. Under the first *Burnside* step, the court examines the "'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines*, 898 F.3d at 921.  For the reasons discussed below, the Court concludes that Plaintiff's overtime and meal period claims are both preempted by § 301 under the first *Burnside* step.

### A.      Unpaid Overtime

The complaint seeks damages for unpaid overtime under California Labor Code § 510.  (Compl. at 30.)  However, California Labor Code § 514 "states that the statutory overtime provisions of § 510 do not apply to an employee who is covered by a valid CBA which expressly provides for the (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours, and (5) a regular hourly wage, not less than 30% greater than the state minimum wage." *Marquez v. Toll Glob. Forwarding (USA) Inc.*, 2018 WL 3218102, at *2 (C.D. Cal. June 28, 2018), *aff'd sub nom. Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679 (9th Cir. 2020) (citing Cal. Lab. Code § 514).  The Ninth Circuit in *Curtis v. Irwin Industries* confirmed that "the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153–54.  Thus, if the CBA that applies to an employee is a "qualifying CBA" carved out from California Labor Code § 510 by California Labor Code § 514, then the right to overtime pay "exists solely as a result of the CBA" and "therefore is preempted under [LMRA] § 301." *Id.* at 1154.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                               Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

Defendants show that the 2019 CPA expressly provides for the wages, hours, and working conditions of employees, and provides premium wages for all overtime worked. (*See* Opp. at 8–9, 11; 2019 CPA.)  Further, the regular hourly wage set forth in the 2019 CPA is more than 30% greater than California's minimum wage at the time.  (Opp. at 11; 2019 CPA at 28–45.)  Notably, Plaintiff does not offer any argument to dispute that the 2019 CPA meets the requirements outlined in § 514.  Accordingly, the Court concludes that Plaintiff was covered by a valid collective bargaining agreement as defined in § 514; thus, pursuant to § 514, § 510 does not apply to Plaintiff.  Plaintiff's overtime claim therefore exists solely as a result of the 2019 CPA and is preempted by § 301 of the LMRA.  *Curtis*, 913 F.3d at 1154.

**B.    Meal Periods**

The complaint also alleges that Defendants "failed to provide timely meal periods" in violation of California Labor Code §§ 226.7 and 512.  (Compl. ¶ 87.)  However, as with overtime claims, certain meal period claims are carved out from the California Labor Code if an employee is covered by a collective bargaining agreement.  Specifically, § 512(d) states as follows:

> If an employee in the motion picture industry or the broadcasting industry . . . is covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement, then the terms, conditions, and remedies of the agreement pertaining to meal periods apply in lieu of the applicable provisions pertaining to meal periods of subdivision (a) of this section, Section 226.7, and Industrial Welfare Commission Wage Order Numbers 11 and 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                                    Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

Cal. Lab. Code § 512(d).  Defendants show that the 2019 CPA provides for meal periods: specifically, the 2019 CPA states that "[m]eal periods shall not be less than one-half (1/2) hour nor more than (1) hour in length" and "shall commence within six (6) hours following the first time of first call for the day."  (2019 CPA at 13.)  Defendants further show that the 2019 CPA includes a monetary remedy if the employee does not receive a meal period required by the agreement: the agreement provides for a "meal penalty" of $10 for the first half-hour meal delay, $12.50 for the second half-hour meal delay, $15 for the third half-hour meal delay, and $20 for the fourth and each succeeding half-hour meal delay.  (*Id.*)  Plaintiff offers no argument to rebut Defendants' contentions.  Accordingly, the Court concludes that Plaintiff was covered by a collective bargaining agreement that addresses meal periods as outlined by § 512(d); thus, per § 512(d), the meal period provisions of the California Labor Code do not apply to Plaintiff.  *See Schwanke v. Minim Prods., Inc.*, 2021 WL 4924772, at *6 (C.D. Cal. May 24, 2021).  Plaintiff's claim for unpaid meal periods therefore arises solely out of the 2019 CPA.

### C.     Remaining Claims

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  If a federal claim has "substance sufficient to confer subject matter jurisdiction on the court" then a federal court may exercise supplemental jurisdiction over state claims that "derive from a common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, the Court has determined that it has federal question jurisdiction over Plaintiff's overtime and meal period claims, as they are preempted by § 301 of the LMRA.  Plaintiff's remaining state law claims for (1) failure to pay all wages, (2) failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11733-JLS-AGR                    Date: May 07, 2026
Title:  Ricardo Yearwood v. Gifted Youth, LLC. et al.

to provide compliant pay stubs, (3) failure to provide rest breaks, (4) unpaid minimum wages, (5) failure to reimburse necessary expenses, (6) violation of the UCL, and (7) breach of implied contract share a common nucleus of operative fact with Plaintiff's overtime and meal period claims, as they all arise out of Plaintiff's employment with Defendants on September 29 and 30, 2022.  *See Shanley v. Tracy Logistics LLC*, 756 F. Supp. 3d 820, 834–35 (E.D. Cal. 2024) (exercising supplemental jurisdiction over state law claims after finding federal question jurisdiction through § 301 preemption over two claims); *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *1 (C.D. Cal. Nov. 30, 2017) (similar); *Jimenez v. Young's Mkt. Co., LLC*, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) ("The preemption of one claim is sufficient to establish original jurisdiction over those claims and a basis for supplemental jurisdiction as to all other claims.").  The Court therefore concludes that it possesses supplemental jurisdiction over Plaintiff's remaining claims.

## IV.  <u>CONCLUSION</u>

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd